## DOUGHERTY vs. TRACY.

1. The person who actually apprehends a slave, makes the affidavit and has the slave committed to jail, is to be deemed the taker up of the slave.

2. A private person has no right to call upon an officer to take up a slave; he has the right to take up the slave himself, and if he call upon an officer, and the officer arrest and commit the slave, the officer will be entitled to the reward.

APPEAL from St. Louis Court of Common Pleas

Scott, J., *delivered the opinion of the Court.*

This was an action begun by Tracy against Dougherty in a justice's court for $50, the reward allowed by law for apprehending two runaway slaves. Tracy obtained judgment for thirty dollars, and the cause being taken to the Court of Common Pleas, he recovered there judgment for the sum in controversy, from which Dougherty has appealed to this Court. The following were substantially the circumstances of the case: In August or September, 1845, the steam ferry boat being about to leave the St. Louis landing for Illinoistown, Tracy went on board and informed the acting captain that there were two negroes in the boat whom he suspected to be runaway slaves, and desired him to wait until he could get some person to take them up. This the captain declined, but went to seek the slaves, whom he found secreting themselves, as he thought, and informed them that Tracy had authority to take them and that they must go with him. Tracy thereupon laid hold of one of the slaves by the shoulder, and, with the other, went off to the corner of Market square. Tracy immediately despatched a messenger to S. Mecham, who was a deputy of the defendant, Dougherty, the Marshal of St. Louis, to tell him to come down and take two slaves, whom he believed to be runaways.— Mecham went accordingly, but the negroes were gone and he and the plaintiff pursued them. They were found, and Tracy pointed them out to Mecham, by whom they were arrested and taken before the Recorder, Tracy accompanying him. Tracy had no other agency in the transaction. The commitment of the slaves was procured by the affidavit of Mecham, who represented himself the apprehender, by virtue of which they were committed to prison. The defendant received the reward allowed by law for the apprehension of the slaves, which was the sum for which this suit was brought—the half of which he gave to Mecham.— The court substantially instructed the jury that the plaintiff, Tracy, if the facts were to be believed, was to be regarded as the taker up of the slaves, and was entitled to the reward.

There can be no doubt but that Tracy performed valuable services for the master of the slaves, for which a generous owner would have rewarded him, had he been apprized of them. But we do not see the ground on which he can be regarded as the taker up of the slaves. His conduct would warrant the inference that he waived any right he might

have to be so regarded. Let it be borne in mind, that by the statute; any private person, as well as an officer, may apprehend a runaway slave and take him before a justice of the peace—and the Recorder of St. Louis possesses the powers of a justice in these matters;—that the apprehender is to make the oath necessary to obtain the warrant to convey the runaway to the sheriff cr jailor; that the warrant is to be delivered by the apprehender to the sheriff, and the sheriff is to receive the reward from the owner and pay it to him. If a private individual intends to apprehend a runaway, he has no right to use the services of an officer for that purpose, and then appropriate the reward to himself. There is some risk in apprehending runaway slaves, and the reward would seem, in part, as a compensation to him who incurs it. Shall an individual be permitted to follow an officer, command an arrest of a runaway, and when it is made by the officer, to claim the reward given by law for the services? If Tracy regarded himself as the apprehender, is it not strange that he would stand by and permit another to make oath that he had taken up the slaves, and receive a certificate that he was entitled to the reward for their apprehension, without interposing any claim? Tracy might have pursued a course which would have entitled him to a portion of the reward, but his conduct has debarred him from any claim to any portion of it. The right Tracy may have acquired by the apprehension of the slaves on the boat was lost by their subsequent departure from his custody.

The judgment will be reversed, the other Judges concurring.